UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. C18-5285-RSL-JPD <br><br> REPORT AND RECOMMENDATION |

Plaintiff appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

## I.   FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, plaintiff was a sixty-four year old man with a high school education. Administrative Record ("AR") at 72, 76. He has no formal work experience, but has performed light janitorial duties in his family's auto shop and helped to care for his aging parents. AR at 77-78, 108.

REPORT AND RECOMMENDATION - 1

On May 1, 2014, plaintiff filed a claim for SSI payments, alleging disability as of May 4, 2004. AR at 54. However, during the administrative hearing he amended his alleged onset date to his protective filing date. AR at 25, 115. Plaintiff asserts that he is disabled due to a learning disability, thoracic scoliosis, lumbar degenerative disc disease, right shoulder joint arthrosis, occlusion of left carotid artery, diabetes, essential hypertension, and headaches. Dkt. 10 at 2 (citing AR at 27, 384, 551).

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 25. Plaintiff requested an administrative hearing. The first hearing took place on November 2, 2015, was conducted so the ALJ could advise plaintiff to retain a representative. AR at 52-64. After he retained an attorney to assist him, the second hearing was conducted on March 30, 2016. AR at 65-117. On August 22, 2016, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 22-51. Plaintiff's request for review was denied by the Appeals Council, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On April 13, 2018, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 4.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

REPORT AND RECOMMENDATION - 2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§

REPORT AND RECOMMENDATION - 3

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.     DECISION BELOW

On August 22, 2016, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since May 1, 2014, the application date.

2. The claimant has the following severe impairments: generalized anxiety disorder; major depressive disorder; personality disorder, including borderline and histrionic traits; right shoulder acromioclavicular joint arthrosis; lumbar degenerative disc disease; and thoracic scoliosis.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of medium work as defined in 20 CFR 416.967(c) except: The claimant can perform jobs that involve no overhead reaching on the right. He can perform jobs that do not require him to perform mathematics. The claimant can perform jobs that involve simple, routine tasks. Additionally, he can perform jobs that involve goals set by supervisors, jobs that involve no public contact, and jobs

REPORT AND RECOMMENDATION - 5

that involve no more than occasional changes in work tasks within the workweek.

5. The claimant has no past relevant work.

6. The claimant was born on XXXXX, 1952 and was 62 years old, which is defined as an individual closely approaching retirement age, on the date the application was filed.[2]

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 1, 2014, the date the application was filed.

AR at 27-45.

## VI.    ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err in applying 20 C.F.R. § 416.962(b)?

2. Did the ALJ err in evaluating plaintiff's testimony?

3. Did the ALJ err in evaluating the other source evidence?

4. Did the ALJ err in evaluating the medical opinion evidence?

5. Did the ALJ err by finding plaintiff's headaches nonsevere?

Dkt. 10 at 1; Dkt. 11 at 1.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

VII.     DISCUSSION

A.     <u>This Case Must Be Remanded for the ALJ to Reconsider Whether Plaintiff Satisfies 20 C.F.R. § 416.962(b)</u>

Plaintiff alleges that the ALJ erred by failing to discuss why 20 C.F.R. § 416.962(b) is not applicable in plaintiff's case. Specifically, this regulation recognizes two very specific categories of cases which mandate a finding of disability outside the normal five-step analysis. Plaintiff contends that he falls into one of these two categories:

> If you have a severe, medically determinable impairment … are of advanced age (age 55 or older …), have a limited education or less (see §416.964), and have no past relevant work experience … we will find you disabled. If the evidence shows that you meet this profile, we will not need to assess your residual functional capacity or consider the rules in appendix 2 to subpart P of part 404.

20 C.F.R. 416.962(b).

There is no dispute that plaintiff has been much older than 55 at all relevant times, has numerous severe medically determinable impairments, and has no past relevant work. AR at 27, 44. Thus, it is undisputed that under this regulation, the ALJ must find plaintiff disabled if he has no more than a limited education.

Although plaintiff graduated from high school forty years ago, evidence in the record indicates that he has problems with simple math and written language skills. AR at 76. It is also unclear whether, based on the ALJ's own findings, he meets the regulatory definition of a limited education. Specifically, the ALJ's RFC assessment in this case limited plaintiff to performing "no mathematics," and also limited plaintiff to performing simple, routine tasks. AR at 29. In addition, at step five, the ALJ found that he could perform only unskilled jobs with Specific Vocational Preparation (SVP) levels of 2. AR at 45. SVP level 1 or 2 describes unskilled work, 3 or 4 semi-skilled, and 5 or more defines skilled jobs. Thus, it appears that plaintiff may satisfy the regulatory definition of a limited education:

> Formal education that you completed many years before your impairment began … may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower …
>
> (3) Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs.

20 C.F.R. § 416.964(b).

The Commissioner argues *post hoc* that because plaintiff performed odd menial jobs in the family business, helped care for his elderly parents in their home, and was financially supported by his family, he "had abilities in reasoning, math and language above the limited definition." Dkt. 11 at 4.  However, the ALJ found that plaintiff has no past relevant work, and there is no evidence that his efforts on behalf of his family (either cleaning in the family auto shop or helping to care for his parents at home) amounted to either skilled or semi-skilled activities as defined in 20 C.F.R. § 416.964(b)(3).  Moreover, Commissioner's contention that a "limited education" cannot be found in this case because plaintiff graduated high school and obtained a welding certificate – which he has never used – ignores the language of the regulation providing that "formal education that you completed many years before your impairment began … may no longer be useful or meaningful in terms of your ability to work.  Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower…"  Indeed, evidence in the record suggests that plaintiff needed the assistance of SSI Facilitator Sue Newkirk at DSHS to help him complete his function report form for SSA.  AR at 249-55.  Dr. Wheeler suspected that plaintiff has borderline IQ functioning.  AR at 336.  Moreover, plaintiff testified that he never used the certificate he received from completing a welding class several decades ago.  AR at 77.

The Court declines to usurp the ALJ's role as fact-finder and decide the issue of plaintiff's education level in the first instance without first providing the ALJ with an adequate

REPORT AND RECOMMENDATION - 8

1   opportunity to discuss the issue.  However, this case should be remanded for the ALJ to

2   conduct another administrative hearing and explicitly discuss whether the regulatory definition

3   of "limited education" is satisfied, and plaintiff should be found disabled based upon the

4   proper application of 20 C.F.R. 416.962(b).  As this issue is likely to be dispositive of

5   plaintiff's claim, it is unnecessary for the Court to reach the remaining assignments of error.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than February 13, 2019.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on February 15, 2019.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 30th day of January, 2019.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge